J-S78012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRACY KENNEDY, | |
| Appellant | No. 1918 WDA 2015 |

Appeal from the Judgment of Sentence Entered October 21, 2015
In the Court of Common Pleas of Greene County
Criminal Division at No(s):  CP-30-CR-0000455-2013

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 7, 2016**

Appellant, Tracy Kennedy, appeals from the judgment of sentence of 8 to 16 years' incarceration, imposed after a jury convicted her of committing sexual offenses against a minor, including indecent assault, statutory sexual assault, and involuntary deviate sexual intercourse.  Appellant raises one issue challenging the discretionary aspects of her sentence.  We affirm.

The facts underlying Appellant's conviction are not necessary to our disposition of her appeal.  On October 21, 2015, the court imposed the above-stated, aggregate sentence for her crimes.  Notably, Appellant did not file any post-sentence motions.  Instead, she filed a timely notice of appeal, and also timely complied with the trial court's order to file a Pa.R.A.P.

_____

[*] Former Justice specially assigned to the Superior Court.

1925(b) concise statement of errors complained of on appeal. Herein, Appellant raises one issue for our review:

> I. Did the [c]ourt commit reversible error when it sentenced [Appellant] to 8 to 16 years of incarceration, [where] although she had a prior criminal record, there was no basis in fact that merited such a sentence, [it] was considerably more harsh than the plea offer from the District Attorney, and though within the standard range of [the sentencing] guidelines, [it] is clearly unreasonable[?]

Appellant's Brief at 3.

Appellant is challenging the discretionary aspects of her sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Appellant has failed to satisfy two prongs of the test for invoking this Court's jurisdiction to review her sentencing claim. First, she did not raise any challenge to her sentence at the October 21, 2015 sentencing proceeding, and she also failed to file a post-sentence motion presenting that claim to the trial court. Therefore, her challenge to the discretionary aspects of her sentence is waived. *See Griffin, supra*.

Additionally, Appellant has not included a Rule 2119(f) statement in her appellate brief, and the Commonwealth has objected to that omission. *See* Commonwealth's Brief at 5. Consequently, her discretionary-aspects-of-sentencing claim is waived on this basis, as well. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) ("[I]f the appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review.") (citations omitted).

In any event, even if Appellant had properly preserved her claim (and we found that she had presented a substantial question for our review), we would not conclude that the trial court abused its discretion in fashioning her sentence. The court had the benefit of a pre-sentence report and ultimately imposed a standard-range term of incarceration.

> As we indicated in *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010), where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88,546 A.2d 12, 18 (1988); *see also Commonwealth v. Tirado,* 870 A.2d 362,

368 (Pa.Super.2005) (if sentencing court has benefit of pre-sentence investigation, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Moreover, we can reverse a standard-range sentence only if the sentence is clearly unreasonable when viewed in light of the four statutory factors outlined in 42 Pa.C.S. § 9781(d). ***Commonwealth v. Walls***, 592 Pa. 557, 926 A.2d 957, 963–964 (2007); ***see also Commonwealth v. Macias***, 968 A.2d 773 (Pa. Super. 2009). Section 9781(d) provides that when we review this type of question, we have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

> (3) The findings upon which the sentence was based.

> (4) The guidelines promulgated by the commission.

***Walls, supra*** at 963. Furthermore, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges." ***Macias, supra*** at 777 (quoting ***Walls, supra*** at 964).

***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011) (citations omitted).

The thrust of Appellant's argument is that her sentence is 'clearly unreasonable' because her conduct throughout trial, and her statements at the sentencing hearing, demonstrate that she has mental health issues that require treatment in "a therapeutic setting," rather than in a state correctional institution. Appellant's Brief at 10. However, Appellant did not present any evidence at the sentencing hearing to establish that she has been diagnosed with mental health issues, aside from her own testimony

that she is on various medications. As Appellant acknowledges, her "trial counsel [did not] help to elucidate[,] to any great degree[,] what the medications are for and their side effects." *Id.* at 9. Because Appellant did not fully explain, or present evidence to support, her claim that she has mental health issues warranting 'therapeutic treatment' rather than a sentence of incarceration, she cannot now challenge her sentence on this basis. Accordingly, even had Appellant properly preserved her discretionary aspects of sentencing issue, her argument would fail to convince us that the trial court abused its discretion in imposing a standard-range sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2016